**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2022

| |
|---|
| IN RE APPLICATION OF CHANGPENG ZHAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 |

Case No. 22-mc-195 (LAK)(KHP)

## OPINION AND ORDER

Changpeng Zhao ("Petitioner"), founder and Chief Executive Officer of Binance, was featured in an article published by *Bloomberg Businessweek* on June 23, 2022 ("Original Article") entitled "Can Crypto's Richest Man Stand in the Cold?".  The article was later translated into the Chinese language by Modern Media Company Limited ("Modern Media") ("Translated Article"), which has a license to publish Bloomberg's content in the Chinese edition of *Bloomberg Businessweek*.  When the Original Article was translated, the title was changed to "ZHAO Changpeng's Ponzi Scheme" – a title that Zhao contends is defamatory.  Zhao also points to a few statements in the article that he contends are defamatory and/or damaging to his reputation.  Modern Media ran the article in the Chinese edition of *Bloomberg Businessweek* and the Translated Article also appeared on Bloomberg-controlled websites and social media accounts.

Zhao promptly attempted to mitigate damage and sought retraction, a change to the title of the Translated Article and removal of the defamatory material from social media.  He also brought a defamation action in Hong Kong against Modern Media.  No Bloomberg entity is a party to the Hong Kong litigation.

1

In aid of his Hong Kong litigation, Zhao filed the instant *ex parte* application pursuant to 28 U.S.C. § 1782 requesting permission to serve subpoenas for documents and deposition testimony from Bloomberg L.P. and Bloomberg Inc., both located in this District.  The following paraphrases the information sought in the proposed subpoenas and deposition notices: communications between and among Modern Media entities and Bloomberg entities about the publication, promotion, recall, deletion and change of title of the Article and Translated Article; documents concerning the relationship and any contract between Modern Media Entities and Bloomberg governing the terms by which Modern Media can republish Bloomberg content, Bloomberg processes, procedures and guidelines for licensing its content, documents and communications regarding the circulation and sale of the Article and sales revenue from it, documents and communications regarding three letters exchanged between lawyers for Zhao and Modern Media.

Section 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding pursuant to the application of an interested party.  28 U.S.C. § 1782(a).  Applicants for discovery under Section 1782 must meet three statutory requirements: "(1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be 'for use in a foreign proceeding before a foreign tribunal', and (3) the applicant must be either a foreign tribunal or an 'interested person.'"  *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (citing *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015)).  Provided the statutory requirements for discovery are met, the Court must then determine, in its discretion, whether the discovery should be permitted in light

of the four so-called *Intel* factors.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241

(2004).  These factors are as follows:

- Whether the person from whom discovery is sought is a participant in the foreign

  proceeding;

- The nature and character of the foreign tribunal and proceedings before it, as well as

  the tribunal's receptivity to U.S. federal-court judicial assistance;

- Whether the discovery requested is an attempt to circumvent foreign proof-gathering

  restrictions or policies of a foreign country or the United States; and

- Whether the discovery is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.  When evaluating these factors, the Court must be mindful of the

goals of Section 1782:  to provide efficient means of assistance to participants in international

litigation and to encourage foreign countries by example to provide similar means of assistance

to U.S. courts.  *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020).

Upon consideration of Zhao's application and all papers submitted in support thereof,

and for good cause, this Court finds that the petitioner has satisfied the requirements of the

statute and that the discretionary factor set forth in *Intel* weigh in favor of granting the

application.  However, upon review of the proposed document requests and deposition

topics, the Court, in its discretion, finds that they should be narrowed to an extent as set forth

in the attached.

Accordingly, it is Ordered that:

a)  the Petition is granted;

b)  Petitioner is authorized to serve the Subpoenas annexed as

Exhibits B-C to the Tshering Declaration, filed in support of the Petition, upon Bloomberg L.P. and Bloomberg Inc. (collectively, the "Respondents") as modified by the Court and attached to this Order;

c)    Petitioner is authorized to serve the Notices of Deposition annexed as Exhibits D-E to the Tshering Declaration, filed in support of the Petition, upon the Respondents as modified by the Court and attached to this Order;

d)    The Respondents are directed to respond and/or object to such subpoenas and notices pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court within thirty days of receipt of service;

e)    The Court retains jurisdiction to resolve any disputes over any objections raised by Bloomberg L.P. and Bloomberg Inc. to the extent they cannot be resolved through a meet and confer.

f)    Petitioner shall promptly serve a copy of this Order with Service of the discovery requests on Bloomberg L.P. and Bloomberg Inc. and shall provide a status report by no later than November 30, 2022 as to whether there are any disputes concerning the discovery and whether this action can be closed.

**IT IS SO ORDERED.**

September 29, 2022

_____

Katharine H. Parker
United States Magistrate Judge

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF CHANGPENG ZHAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No. ___ Misc. ____ |

### NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO BLOOMBERG L.P.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Petitioner Changpeng Zhao, by his attorneys Sidley Austin LLP, serves the attached subpoena for

the production of documents on Bloomberg L.P.  The subpoena calls for the production of

documents described in Attachment A to the Subpoena for inspection and copying at the offices

of Sidley Austin LLP, 787 7th Avenue, New York, NY 10019, by August 5, 2022.

Dated:  July 25, 2022           Respectfully submitted,
        New York, New York

                                SIDLEY AUSTIN LLP

                                Tai-Heng Cheng

                                *Attorneys for Petitioner Changpeng Zhao*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | | |
|---|---|---|
| Changpeng Zhao | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Bloomberg L.P. and Bloomberg Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    **Bloomberg L.P.**

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Changpeng Zhao**
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  **0.00**  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

Pursuant to the accompanying Subpoena, petitioner Changpeng Zhao hereby requests that Bloomberg L.P. produce documents responsive to the requests listed below at the date and location specified in the Subpoena.

**DEFINITIONS**

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these requests, the following terms are to be given their ascribed definitions:

1. "Bloomberg," "You," and "Your" shall refer to Bloomberg L.P. as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

2. "Petitioner" and "Zhao" shall refer to Changpeng Zhao.

3. "Modern Media Holdings Limited" and "Modern Media" shall refer to Meta Media Holdings Limited HK as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf

4. "Modern Media HK" shall refer to Modern Media HK as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

5. "Modern Media CL" shall refer to Modern Media Company Limited as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

6. "Original Article" shall refer to the article published in English in *Bloomberg Businessweek* on June 23, 2022 titled "Can Crypto's Richest Man Stand the Cold?"

7. "Translated Article" shall refer to the Chinese translation of "The Original Article" published as the cover story of the Chinese edition of *Bloomberg Businessweek*'s 250th issue on July 6, 2022.

8. "Translated Article's Title" shall refer to the title of the Translated Article, "赵长鹏的庞氏骗局" (translated as "ZHAO Changpeng's Ponzi Scheme").

9. "Cover" shall refer to the cover of the Chinese edition of *Bloomberg Businessweek*'s 250th issue on July 6, 2022 (*i.e.*, Zhao's photograph with the Translated Article's Title).

10. "Social Media Posts" shall refer to the tweet of an image of the Cover on the Twitter account of the Chinese edition of *Bloomberg Businessweek* (@BloombergBWCN) on or around July 6, 2022, and the Facebook post of the Cover on the Facebook account of the Chinese edition of *Bloomberg Businessweek* (@bbwhk) on or around July 6, 2022.

11. "Article" shall refer to both the "Original Article" and the "Translated Article."

12. "Litigation Respondent" shall refer to Modern Media Company Limited.

13. "Matter" and "Litigation" shall refer to a foreign proceeding for the purposes of 28 U.S.C. Section 1782 in the Hong Kong Court of First Instance that Zhao has brought against the Litigation Respondent.

14. In accordance with Local Civil Rule 26.3, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

15. In accordance with Local Civil Rule 26.3, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

16. In accordance with Local Civil Rule 26.3, "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a document means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

18. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

19. In accordance with Local Civil Rule 26.3, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

20. In accordance with Local Civil Rule 26.3, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The terms "referring to," "relating to," "showing," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

22. In accordance with Local Civil Rule 26.3, "concerning" means relating to, referring to, describing, evidencing, or constituting.

23. In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

24. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

1. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2.  If and to the extent documents are maintained in a database or other electronic format, produce, along with the document(s), software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

3.  These Requests do not seek information protected by applicable privileges, including attorney-client privilege or work product privilege. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

4.  Documents attached to each other should not be separated.

5.  Documents not otherwise responsive to this subpoena shall be produced if such documents mention, discuss, refer to, or explain documents called for by this subpoena.

6.  If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

7.  Each request shall be construed independently and not with reference to any other request for the purpose of limitation.

## DOCUMENT REQUESTS

1. All documents and communications, including communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL, in relation to the publication and/or circulation of the Article or the Translated Article's Title (whether itself or through the Cover), and the publication, promotion or deletion of the Article or the Translated Article's Title (whether itself or through the Cover) on social media (including but not limited to the Social Media Posts).

2. ~~All d~~Documents and communications ~~in relation to~~sufficient to explain the relationship between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL, including but not limited to the nature of the relationship between or among Bloomberg, Modern Media, Modern Media HK, and Modern Media CL, any agreements concerning the terms under which content is provided by Bloomberg to Modern Media, Modern Media HK and Modern Media CL, the editorial control exercised by Bloomberg over such content and/or the publications of Modern Media, Modem Media HK and Modern Media CL arising from the provision of such content, and any remuneration received by Bloomberg for the provision and/or publication of such content.

3. Bloomberg's processes, procedures and/or guidelines for licensing content to other entities for publication, including, but not limited to, Modern Media, Modem Media HK, and Modern Media CL in place from June 1, 2022 to present.

4. All documents and communications regarding the circulation and sale of the Article, including all documents relating to revenue/profits generated or to be generated from the circulation and sale of the Article.

5. All documents and communications regarding Slateford Law's letter to Modern Media HK dated July 7, 2022, Yuen & Partners' letter to Slateford Law dated July 8, 2022 and the letter from Sidley Austin LLP to Modern Media HK and Yuen & Partners dated July 12, 2022.

6. All documents and communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL in relation to the purported recalling of the Translated Article in Hong Kong.

7. All documents and communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL in relation to the amendment of the title of the Translated Article to "神秘的趙長鵬" (translated as "The Mysterious Zhao Changpeng").

8. All other documents and communications that relate in any way to the Matter, regardless of whether they fall into any of the specific categories listed here.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF CHANGPENG ZHAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No. ___ Misc. ____ |

### NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO <u>BLOOMBERG INC.</u>

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

Petitioner Changpeng Zhao, by his attorneys Sidley Austin LLP, serves the attached subpoena for

the production of documents on Bloomberg Inc.. The subpoena calls for the production of

documents described in Attachment A to the Subpoena for inspection and copying at the offices

of Sidley Austin LLP, 787 7th Avenue, New York, NY 10019, by August 5, 2022.

Dated:  July 25, 2022
         New York, New York

Respectfully submitted,

SIDLEY AUSTIN LLP

Tai-Heng Cheng

*Attorneys for Petitioner Changpeng Zhao*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| Changpeng Zhao | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Bloomberg L.P. and Bloomberg Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                    Bloomberg Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ Tai-Heng Cheng |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Changpeng Zhao
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to the accompanying Subpoena, petitioner Changpeng Zhao hereby requests that Bloomberg Inc. produce documents responsive to the requests listed below at the date and location specified in the Subpoena.

## DEFINITIONS

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these requests, the following terms are to be given their ascribed definitions:

1. "Bloomberg," "You," and "Your" shall refer to Bloomberg Inc. as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

2. "Petitioner" and "Zhao" shall refer to Changpeng Zhao.

3. "Modern Media Holdings Limited" and "Modern Media" shall refer to Meta Media Holdings Limited HK as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf

4. "Modern Media HK" shall refer to Modern Media HK as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

5.  "Modern Media CL" shall refer to Modern Media Company Limited as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

6.  "Original Article" shall refer to the article published in English in *Bloomberg Businessweek* on June 23, 2022 titled "Can Crypto's Richest Man Stand the Cold?"

7.  "Translated Article" shall refer to the Chinese translation of "The Original Article" published as the cover story of the Chinese edition of *Bloomberg Businessweek*'s 250th issue on July 6, 2022.

8.  "Translated Article's Title" shall refer to the title of the Translated Article, "赵长鹏的庞氏骗局" (translated as "ZHAO Changpeng's Ponzi Scheme").

9.  "Cover" shall refer to the cover of the Chinese edition of *Bloomberg Businessweek*'s 250th issue on July 6, 2022 (*i.e.*, Zhao's photograph with the Translated Article's Title).

10. "Social Media Posts" shall refer to the tweet of an image of the Cover on the Twitter account of the Chinese edition of *Bloomberg Businessweek* (@BloombergBWCN) on or around July 6, 2022, and the Facebook post of the Cover on the Facebook account of the Chinese edition of *Bloomberg Businessweek* (@bbwhk) on or around July 6, 2022.

11. "Article" shall refer to both the "Original Article" and the "Translated Article."

12. "Litigation Respondent" shall refer to Modern Media Company Limited.

13. "Matter" and "Litigation" shall refer to a foreign proceeding for the purposes of 28 U.S.C. Section 1782 in the Hong Kong Court of First Instance that Zhao has brought against the Litigation Respondent.

14. In accordance with Local Civil Rule 26.3, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

15. In accordance with Local Civil Rule 26.3, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

16. In accordance with Local Civil Rule 26.3, "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a document means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

18. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

19. In accordance with Local Civil Rule 26.3, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

20. In accordance with Local Civil Rule 26.3, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. The terms "referring to," "relating to," "showing," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

22. In accordance with Local Civil Rule 26.3, "concerning" means relating to, referring to, describing, evidencing, or constituting.

23. In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

24. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

### INSTRUCTIONS

1.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

2.  If and to the extent documents are maintained in a database or other electronic format, produce, along with the document(s), software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

3.  These Requests do not seek information protected by applicable privileges, including attorney-client privilege or work product privilege. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

4.  Documents attached to each other should not be separated.

5.  Documents not otherwise responsive to this subpoena shall be produced if such documents mention, discuss, refer to, or explain documents called for by this subpoena.

6.  If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

7.  Each request shall be construed independently and not with reference to any other request for the purpose of limitation.

## DOCUMENT REQUESTS

1. All documents and communications, including communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL, in relation to the publication and/or circulation of the Article or the Translated Article's Title (whether itself or through the Cover), and the publication, promotion or deletion of the Article or the Translated Article's Title (whether itself or through the Cover) on social media (including but not limited to the Social Media Posts).

2. ~~All~~ ~~d~~Documents and communications ~~in relation to~~sufficient to explain the relationship between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL, including but not limited to the nature of the relationship between or among Bloomberg, Modern Media, Modern Media HK, and Modern Media CL, any agreements concerning the terms under which content is provided by Bloomberg to Modern Media, Modern Media HK and Modern Media CL, the editorial control exercised by Bloomberg over such content and/or the publications of Modern Media, Modem Media HK and Modern Media CL arising from the provision of such content, and any remuneration received by Bloomberg for the provision and/or publication of such content.

3. Bloomberg's processes, procedures and/or guidelines for licensing content to other entities for publication, including, but not limited to, Modern Media, Modem Media HK, and Modern Media CL in place from June 1, 2022 to present.

4. All documents and communications regarding the circulation and sale of the Article, including all documents relating to revenue/profits generated or to be generated from the circulation and sale of the Article.

5. All documents and communications regarding Slateford Law's letter to Modern Media HK dated July 7, 2022, Yuen & Partners' letter to Slateford Law dated July 8, 2022 and the letter from Sidley Austin LLP to Modern Media HK and Yuen & Partners dated July 12, 2022.

6. All documents and communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL in relation to the purported recalling of the Translated Article in Hong Kong.

7. All documents and communications between or among Bloomberg, Modern Media, Modern Media HK and Modern Media CL in relation to the amendment of the title of the Translated Article to "神秘的趙長鵬" (translated as "The Mysterious Zhao Changpeng").

8. All other documents and communications that relate in any way to the Matter, regardless of whether they fall into any of the specific categories listed here.

EXHIBIT D

IN THE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHANGPENG ZHAO,** | |
|      **Plaintiff,** | Case No. _ |
| **v.** | |
| **BLOOMBERG L.P. and BLOOMBERG INC.** | |
|      **Respondents.** | |

### NOTICE OF DEPOSITION OF THE CORPORATE
### REPRESENTATIVE OF BLOOMBERG L.P.

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiff Changpeng Zhao, by his undersigned attorneys, will take the deposition of

the corporate representative(s) of Bloomberg L.P.

The deposition(s) will be taken upon oral examination on ~~August 16, 2022~~[DATE] at

8.00 a.m. Eastern Time, and continuing from day to day until completed, via Zoom video

conference or another remote conferencing platform, and pursuant to Rule 30 before a notary

public or another person duly authorized to administer oaths. The deposition will be recorded

on video and via stenographic means. The witness will appear via the designated remote

conferencing platform.

Pursuant to Rule 30(b)(6), the Defendant is required to designate and fully prepare one

or more officers, directors, managing agents or other persons to testify on its behalf regarding

all information that is known or reasonably available to Defendant's organization regarding the

matters designated in **Attachment A** attached hereto.

Respectfully submitted, this, the 25th day of July, 2022.

Tai-Heng Cheng

787 Seventh Avenue
New York, NY 10019
Tel: +1 212 839 5300
Fax: +1 212 839 5599
tcheng@sidley.com

*Attorneys for Petitioner Changpeng
Zhao*

**ATTACHMENT A**

**DEPOSITION TOPICS**

1.  The relationship between or among Bloomberg L.P. and Bloomberg Inc. (together, "**Bloomberg**") and Meta Media Holdings Limited and/or Modern Media Holdings Limited (together, "**MMH**") in relation to the publication and/or circulation of the traditional Chinese version of *Bloomberg Businessweek*.

2.  Bloomberg's processes, procedures and/or guidelines for licensing content to other entities for publication, including but not limited to MMH in place from June 1, 2022 to present.

3.  The communications between or among Bloomberg and MMH in relation to the translation of the article published by *Bloomberg Businessweek* on June 23, 2022 titled "Can Crypto's Richest Man Stand the Cold?" (the "**Original Article**") for publication in the 250th issue of the traditional Chinese version of *Bloomberg Businessweek*.

4.  The communications between or among Bloomberg and MMH in relation to the publication and/or circulation of the 250th issue of the traditional Chinese version of *Bloomberg Businessweek* with the translated version of the Original Article (the "**Translated Article**"), with the title on the cover page of the magazine stating "趙長鵬的龐氏騙局" (*i.e.*, to "ZHAO Changpeng's Ponzi Scheme") (the "**Translated Article's Title**").

5.  The communications between or among Bloomberg and MMH in relation to the publication, promotion or deletion of the Original Article, the Translated Article, or the Translated Article's Title on social media, including, but not limited to, the tweet published on July 6, 2022 on the Twitter account of the Chinese edition of *Bloomberg Businessweek* (@BloombergBWCN) with the Translated Article's Title; and the Facebook post published sometime on or around

July 6, 2022 on the Facebook page of the Chinese edition of *Bloomberg Businessweek* with the Translated Article's Title.

6.  The communications between or among Bloomberg and MMH in relation to Slateford Law's letter to Modern Media HK dated July 7, 2022, Yuen & Partners' letter to Slateford Law dated July 8, 2022, and the letter from Sidley Austin LLP to Modern Media HK and Yuen & Partners dated July 12, 2022.

7.  The communications between or among Bloomberg and MMH in relation to the purported recalling of the Translated Article in Hong Kong.

8.  The communications between or among Bloomberg and MMH in relation to the amendment of the title of the Translated Article to "神秘的趙長鵬" (*i.e.*, "The Mysterious Zhao Changpeng").

# EXHIBIT E

IN THE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

CHANGPENG ZHAO,

      Plaintiff,

v.

BLOOMBERG L.P. and
BLOOMBERG INC.

      Respondents.

Case No. _

## NOTICE OF DEPOSITION OF THE CORPORATE
## REPRESENTATIVE OF BLOOMBERG INC.

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiff Changpeng Zhao, by his undersigned attorneys, will take the deposition of

the corporate representative(s) of Bloomberg Inc..

The deposition(s) will be taken upon oral examination on ~~August 16, 2022~~[DATE] at

8.00 a.m. Eastern Time, and continuing from day to day until completed, via Zoom video

conference or another remote conferencing platform, and pursuant to Rule 30 before a notary

public or another person duly authorized to administer oaths. The deposition will be recorded

on video and via stenographic means. The witness will appear via the designated remote

conferencing platform.

Pursuant to Rule 30(b)(6), the Defendant is required to designate and fully prepare one

or more officers, directors, managing agents or other persons to testify on its behalf regarding

all information that is known or reasonably available to Defendant's organization regarding the

matters designated in **Attachment A** attached hereto.

Respectfully submitted, this, the 25th day of July, 2022.

_____

Tai-Heng Cheng

787 Seventh Avenue
New York, NY 10019
Tel: +1 212 839 5300
Fax: +1 212 839 5599
tcheng@sidley.com


*Attorneys for Petitioner Changpeng
Zhao*

**ATTACHMENT A**

**DEPOSITION TOPICS**

1. The relationship between or among Bloomberg L.P. and Bloomberg Inc. (together, "**Bloomberg**") and Meta Media Holdings Limited and/or Modern Media Holdings Limited (together, "**MMH**") in relation to the publication and/or circulation of the traditional Chinese version of *Bloomberg Businessweek*.

2. Bloomberg's processes, procedures and/or guidelines for licensing content to other entities for publication, including but not limited to MMH in place from June 1, 2022 to present.

3. The communications between or among Bloomberg and MMH in relation to the translation of the article published by *Bloomberg Businessweek* on June 23, 2022 titled "Can Crypto's Richest Man Stand the Cold?" (the "**Original Article**") for publication in the 250th issue of the traditional Chinese version of *Bloomberg Businessweek*.

4. The communications between or among Bloomberg and MMH in relation to the publication and/or circulation of the 250th issue of the traditional Chinese version of *Bloomberg Businessweek* with the translated version of the Original Article (the "**Translated Article**"), with the title on the cover page of the magazine stating "趙長鵬的龐氏騙局" (*i.e.*, to "ZHAO Changpeng's Ponzi Scheme") (the "**Translated Article's Title**").

5. The communications between or among Bloomberg and MMH in relation to the publication, promotion or deletion of the Original Article, the Translated Article, or the Translated Article's Title on social media, including, but not limited to, the tweet published on July 6, 2022 on the Twitter account of the Chinese edition of *Bloomberg Businessweek* (@BloombergBWCN) with the Translated Article's Title; and the Facebook post published sometime on or around

July 6, 2022 on the Facebook page of the Chinese edition of *Bloomberg Businessweek* with the Translated Article's Title.

6.   The communications between or among Bloomberg and MMH in relation to Slateford Law's letter to Modern Media HK dated July 7, 2022, Yuen & Partners' letter to Slateford Law dated July 8, 2022, and the letter from Sidley Austin LLP to Modern Media HK and Yuen & Partners dated July 12, 2022.

7.   The communications between or among Bloomberg and MMH in relation to the purported recalling of the Translated Article in Hong Kong.

8.   The communications between or among Bloomberg and MMH in relation to the amendment of the title of the Translated Article to "神秘的趙長鵬" (*i.e.*, "The Mysterious Zhao Changpeng").