UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF CHANGPENG ZHAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Case No. 1:22-mc-00195-LAK-KHP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2023

## AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents produced by non-parties Bloomberg L.P. and Bloomberg Inc. (collectively, "Respondents") to Applicant Changpeng Zhao ("Applicant") in connection with this Section 1782 proceeding, Case No. 1:22-mc-00195-LAK-KHP:

1.    Respondents may designate any document or information, in whole or in part, as confidential if Respondents' counsel determines, in good faith, that such designation is necessary to protect the interests of the Respondents in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by Respondents as confidential will be stamped "CONFIDENTIAL."

2.    Respondents may designate any document or information, in whole or in part, as material that is for attorneys' eyes only if Respondents' counsel determines that such confidential information (as defined in Paragraph 1 herein) is so sensitive that disclosure to Applicant would likely cause harm to the Respondents. Information and documents designated by Respondents as material that is for attorneys' eyes only will be stamped "ATTORNEYS' EYES ONLY."

3.    All information and documents disclosed by Respondents will be held and used by the person receiving such information solely for use in connection with this Section 1782

proceeding (Case No. 1:22-mc-00195-LAK-KHP), the action bearing action no. HCA 902 of 2022 that Applicant brought against Modern Media Company Limited ("Modern Media") in the High Court of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Lawsuit"), appellate proceedings therefrom, or an action or proceeding brought by the Applicant to enforce any order or judgment rendered in the Hong Kong Lawsuit (collectively, the "Permitted Actions"). Applicant may only use the information or documents in connection with the Permitted Actions and shall not use such information or documents for any other purpose. Nor may Applicant disclose, or cause to be disclosed, any such information or documents to the general public except to the extent such disclosure is authorized by this Protective Order.

4. Nothing in this Protective Order indicates or shall be construed as any agreement or admission by Applicant that any materials disclosed by Respondents are "confidential" or "attorneys' eyes only" or as any agreement to any designation of such by the Respondents. Applicant may challenge any designations it believes are inappropriate and may seek relief in this Court if the parties are not able to resolve disputes concerning such designations. In the event a party challenges another party's designation of confidentiality or "attorneys eyes' only" (the "Challenged Materials"), counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Notwithstanding anything in this Protective Order to the contrary, Applicant will treat all Challenged Materials as "confidential" or "attorneys' eyes only," as applicable, pursuant to this Protective Order unless and until Respondents agree otherwise or the Court resolves such challenge in Applicant's favor. Nothing in this Protective Order constitutes an admission by any party that any documents or information disclosed in this Section 1782 proceeding is relevant or admissible. Respondents reserve the right to object to the use or admissibility of any documents or information produced in

the above-captioned Section 1782 proceeding (Case No. 1:22-mc-00195-LAK-KHP).

5. All documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel of record in this proceeding or the Hong Kong Lawsuit;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution of the Hong Kong Lawsuit, to the extent deemed necessary by counsel;

    d. This Court or the High Court of the Hong Kong Special Administrative Region Court of First Instance (including mediators, or other person having access to any confidential information by virtue of his or her position with those courts or courts with appellate jurisdiction therefrom); and

    e. witnesses and potential witnesses and their counsel solely in connection with interviewing or preparing such witness or potential witness, or with such witnesses' or potential witnesses' actual testimony, whether by deposition, at trial, or by affidavit, witness statement or other submission.

    f. The following lawyers employed by Applicant's organization, Binance, after they have executed the Agreement to be Bound attached hereto and Applicant has provided the executed copies thereof to Jeffrey B. Korn (jkorn@willkie.com), counsel to Bloomberg, along with their contact information: Natalie Ng, Andrew Li, Hon Ng, Joshua Eaton, and Conor Crowley ("Binance-Employed Counsel"). For the avoidance of doubt, Binance-Employed Counsel shall not receive nor retain any information or

documents designated as confidential if their employment with Binance terminates for any reason.

6. All documents or information designated or if such designation is challenged, determined by the Court as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. The requesting party's counsel of record in this proceeding or the Hong Kong Lawsuit;

    b. Employees of such counsel assigned to and necessary to assist in the litigation; and

    c. This Court or the High Court of the Hong Kong Special Administrative Region Court of First Instance (including mediators, or other person having access to any confidential information by virtue of his or her position with those courts) or courts with appellate jurisdiction therefrom.

7. Notwithstanding Paragraph 5(f) above, if Respondents' counsel determines that disclosure of confidential information (as defined in Paragraph 1 herein) to the Binance-Employed Counsel would likely cause harm to the Respondents, Respondents may also add to such Confidential documents the designation "Binance-Restricted," and information and documents so-designated by Respondents may not be shared with any Binance-Employed Counsel who is not counsel of record for Applicant in this proceeding or in the Hong Kong Lawsuit unless otherwise permitted by the Court. As with other designations in this Order, Applicant may challenge any such designation he believes is improper or unnecessary, including by making an application challenging the designation of documents to the Court.

8. Except as otherwise permitted by Paragraph 5 and Paragraph 7 herein, Applicant

shall not disclose any documents or information designated Confidential or Attorneys' Eyes only to any employees of Binance or its controlled affiliates absent a Court order or Bloomberg's prior written consent.

9. Prior to disclosing or displaying documents or information designated as Confidential to any person (other than those persons who have access to such information by virtue of his or her position with either this Court or the High Court of the Hong Kong Special Administrative Region Court of First Instance or a court hearing or considering any appeal therefrom), counsel for Applicant must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than as set forth in this Protective Order and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to read this Protective Order and sign an agreement to be bound by it in the form attached hereto and provide the executed copies thereof to Jeffrey B. Korn (jkorn@willkie.com), counsel to Bloomberg, along with their contact information.

10. Prior to disclosing or displaying documents or information designated as Confidential or Attorneys' Eyes Only to this Court or the High Court of the Hong Kong Special Administrative Region Court of First Instance or a court hearing or considering any appeal therefrom, counsel for Applicant must inform Bloomberg, on at least 10 days' written notice to Jeffrey B. Korn (jkorn@willkie.com), counsel to Bloomberg, that Applicant intends to provide to the relevant court information or documents designated as Confidential or Attorneys' Eyes Only.

11. The disclosure of a document or information without designating it as Confidential (including "Binance-Restricted" designated documents and information) or Attorneys' Eyes Only shall not constitute a waiver of the right to designate such document or information as such. If so designated, the document or information shall thenceforth be treated as Confidential (and Binance-Restricted as applicable) or Attorneys' Eyes Only information subject to all the terms of this Protective Order.

12. Respondents may, in their reasonable discretion, redact any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft).

13. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

15. At the conclusion of the Hong Kong Lawsuit, including any related appeals, documents designated Confidential or Attorneys' Eyes Only and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to

further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing in this Protective Order shall be construed to limit Respondents' use of their own documents, things, or information. The inadvertent, unintentional, or *in camera* disclosure of confidential or attorneys' eyes only material shall not be deemed a waiver, in whole or in part, of Respondents' claim of confidentiality.

17. All provisions of this Protective Order survive the conclusion of proceedings in the Hong Kong Lawsuit.

18. Solely for the purposes of enforcing this Protective Order and resolving any disputes arising hereunder and not for any other purpose, Respondents and the Applicant consent to the continuing jurisdiction of the Court. The Court shall have exclusive jurisdiction over any such disputes.

19. Nothing herein shall preclude the parties from disclosing material designated to be confidential or attorneys' eyes only information if otherwise required by law or pursuant to a valid subpoena.

Agreed and Dated:

By: /s David R. Michaeli                           By: /s Jeffrey B. Korn

Dennis H. Tracey, III                              Jeffrey B. Korn
Ryan M. Philp                                      Brittany M. Wagonheim
David R. Michaeli
HOGAN LOVELLS US LLP                               WILLKIE FARR & GALLAGHER LLP
390 Madison Avenue                                 787 Seventh Avenue
New York, New York 10017                           New York, New York 10019
Telephone: (212) 918-3000                          Telephone: (212) 728-8000
dennis.tracey@hoganlovells.com                     jkorn@wilkie.com
ryan.philp@hoganlovells.com                        bwagonheim@willkie.com
david.michaeli@hoganlovells.com

*Counsel for Applicant*                            *Counsel for Respondents*

SO ORDERED:

_____
Hon. KATHARINE H. PARKER, U.S.M.J.

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE     4/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF CHANGPENG ZHAO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Civ. No. 1:22-mc-00195-LAK-KHP |

**Agreement to be Bound**

1. I, _____, hereby affirm that I have read the Protective Order entered by the Court in the above-captioned matter.

2. I agree to be bound by the Protective Order, including, without limitation, all restrictions set forth therein on the use or disclosure of documents, testimony, and other information designated as "confidential" or "attorneys' eyes only" and, in the event that Applicant challenges any such designation, I understand and agree that I must continue to treat materials designated as "confidential" and "attorneys' eyes only" as such under this Protective Order unless and until Respondents agree to withdraw the challenged designation(s) or the United States District Court for the Southern District of New York ("SDNY") resolves the challenge in Applicant's favor.

3. I understand and accept that I shall be subject to the jurisdiction of SDNY solely for the purposes of any proceeding relating to my performance under, compliance with, or violation of the Protective Order.

4. I further understand that the Protective Order is enforceable under the laws of the United States. If I violate the Protective Order in any manner, I may be subject to remedies and/or penalties.

Signature: _____

Date: _____