**WILLKIE FARR & GALLAGHER LLP**



Respondent has provided the information Petitioner requested in ECF 45. The Court considers this matter resolved and the Clerk is directed to terminate the motion at ECF 45.

**SO ORDERED:**

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   10/25/2023

October 11, 2023

**VIA ECF**

The Honorable Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Zhao v. Bloomberg et al.*, Case No. 1:22-mc-00195-LAK-KHP

Dear Judge Parker:

On behalf of Bloomberg, L.P. and Bloomberg, Inc. (together, "Bloomberg"), we write in response to Changpeng Zhao's letter yesterday complaining that Bloomberg has not yet identified the witness it intends to designate to testify as its corporate representative on October 19, 2023, pursuant to Rule 30(b)(6).

Zhao's letter application is befuddling and seems designed merely to cast unfair and unwarranted aspersions at Bloomberg—which is a non-party to Zhao's dispute with Modern Media that has spent considerable time and money cooperating with his discovery demands over the last year.  As a case in point, Zhao leads off with a highly misleading statement:  that Bloomberg "refuse[d] to even meet and confer on the issue" before he filed this application.  Even a cursory review of the correspondence attached to Zhao's submission shows that is just not true.  In Bloomberg's last email on October 10, Bloomberg asked for two things—*first*, that Zhao explain the reason for his demand because his initial request was based on the pretext that he needed the name "so we can pass it along to the court reporter;" and *second*, that Zhao identify any "authority supporting your position that Bloomberg has an obligation to disclose the identity of its corporate representative in advance of its 30(b)(6) deposition."  Bloomberg assured Zhao that the parties could "resolve this matter over email" given counsel's travel and court schedule this week.  But Zhao did not reply to Bloomberg's request and never answered these simple questions; instead he went straight to court.

Had Zhao answered Bloomberg's October 10 email, there would have been no need to burden the Court with this trivial matter.  To be sure, Bloomberg is aware of no authority—and none has been cited by Zhao—under Rule 30(b)(6) or otherwise requiring a corporate party to identify its designee in advance.  Nor should there be any need to do so, as the witness is testifying on behalf of Bloomberg and not in an individual capacity.  Indeed, Bloomberg might still choose to designate a different person should the need arise prior to the deposition.  That said, to avoid spending further time on this matter,

Bloomberg states that it currently intends to designate Laura Zelenko, Bloomberg News's Global Standards Editor, as its Rule 30(b)(6) designee on October 19.

Putting that aside, Bloomberg takes serious issue with the various *ad hominem* attacks scattered throughout Zhao's letter. Bloomberg has not been "obstructionist," "unprofessional," or "play[ing] games." Bloomberg has complied with all its discovery obligations. On May 18, after conducting a thorough search and document review, Bloomberg produced 342 documents spanning some 3,725 pages.[1] *Zhao* then waited two full months—until July 17—to ask for a deposition. This was the first time since the Court granted Zhao's application in September 2022 that Zhao indicated he still would seek a deposition. And this is also after *Zhao* did not respond for six weeks earlier in this proceeding—between November 29, 2022, and January 11, 2023—while Bloomberg waited for comments on the parties' proposed confidentiality order. These delays are of Zhao's own making. After Zhao finally resurfaced in mid-July to seek a deposition, Bloomberg needed time to identify its witness, given differences in geography and travel schedules.[2] And as soon as she was identified in September, Bloomberg offered two deposition dates in October to Zhao—and then *Zhao* did not reply for days, until Bloomberg's counsel followed up.

Bloomberg is hopeful that this resolves the matter.

Respectfully submitted,

*/s/ Jeffrey B. Korn*

Jeffrey B. Korn

cc:     All counsel for Petitioner (*via* ECF)

---

[1] Although Zhao initially had a handful of follow-up questions in late July regarding Bloomberg's production, Bloomberg addressed those questions months ago and has not heard anything since. Bloomberg also provided a complete privilege log last month, and while he complains that it took longer than expected to complete, Zhao has not raised any substantive concerns regarding Bloomberg's privilege claims.

[2] Zhao asserts that Bloomberg "must have known" the identity of its witness in late August when it confirmed that a single witness would be presented to address all Rule 30(b)(6) topics. Zhao's assumption is false. The fact that Bloomberg determined that it would present a single witness does not mean it had identified that witness at that time.